# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

KEITH BRADFORD,                      )
                                     )
              Plaintiff,             )
                                     )
       v.                            )          No. 4:15CV1146   HEA
                                     )
JOHN DOE, et al.,                    )
                                     )
              Defendants.            )


## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of Keith Bradford (registration no. 39159-044) for leave to commence this action without payment of the required filing fee [Doc. #2]. After reviewing plaintiff's financial information, the motion will be granted and plaintiff will be assessed an initial partial filing fee of $18.51. Furthermore, based on a review of the complaint [Doc. #1], the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the

average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id*.

A review of plaintiff's inmate account statement indicates an average monthly deposit of $247.43, and an average monthly account balance of $92.59. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $18.51, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

Moreover, in reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in

favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## The Complaint

Plaintiff, an inmate at the McCreary United States Penitentiary in Pine Knot, Kentucky, brings this action for monetary and injunctive relief pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and 1986. In addition, plaintiff asserts numerous pendent state-law claims, including, for example, negligence, defamation, malicious prosecution, and emotional distress. The named defendants are John Doe (the step-father of defendant Tiearra Smith), Tiearra Smith (the biological mother of plaintiff's minor child), Linda Bradford (plaintiff's biological mother), Tarquin Walker (plaintiff's fellow worshiper at the Moorish Science Temple), and Marquita Bradford (plaintiff's biological sister). Plaintiff's allegations arise out of an ongoing custody dispute concerning plaintiff's minor child. In addition, plaintiff claims that defendants tried to have him arrested so "he could not interfere with the multi-thousand weekly prostitution ring defendant Marquita Bradford ran during her exotic nude dancing."

**Discussion**

## A. Section 1983 Claims

To state a claim under § 1983, a plaintiff must allege (1) that the defendant acted under color of state law, and (2) that the alleged conduct deprived the plaintiff of a constitutionally-protected federal right. *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009). Plaintiff has failed to allege, and there is no indication, that any of the named defendants are state actors within the meaning of § 1983. Accordingly, plaintiff's § 1983 claims will be dismissed as legally frivolous under § 1915(e)(2)(B). *See also, Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994) ("The domestic relations exception . . . divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody.").

## B. Section 1981 Claims

To establish a claim under § 1981, a plaintiff must demonstrate that the defendants purposefully and intentionally discriminated against him on the basis of race. *See General Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391 (1982); *Edwards v. Jewish Hosp.*, 855 F.2d 1345, 1351 (8th Cir. 1988). Nothing in plaintiff's complaint indicates that any actions taken by defendants were motivated by purposeful race discrimination. Therefore, plaintiff's § 1981 claim is also

5

legally frivolous and will be dismissed.

### C.   Section 1985 and 1986 Claims

Title 42 U.S.C. § 1985 concerns conspiracies to interfere with civil rights. Although plaintiff does not specify under which subsection of § 1985 he is proceeding, the Court will liberally construe the allegations under § 1985(3), which provides in pertinent part:

> If two or more persons . . . conspire . . . for the purposes of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

Thus, to state a claim under § 1985(3), a plaintiff must establish that (1) he is a member of a class suffering from invidious discrimination; and (2) defendants' actions were motivated by racial animus or some other type of class-based discrimination. *United Bhd. of Carpenters, Local 610 v. Scott*, 463 U.S. 825, 834-39 (1983); *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971) (plaintiff must allege these two elements to state § 1985(3) claim).   In the instant action, nothing in the complaint indicates that plaintiff is a member of a protected class or that defendants were motivated by purposeful discrimination.  As such, plaintiff's § 1985(3) claims will be dismissed as legally frivolous.   Because a § 1986 action is

dependent upon the existence of a § 1985 claim, plaintiff's § 1986 claim is also frivolous and will be dismissed. *See McIntosh v. Arkansas Republican Party-Frank White Election Committee*, 766 F.2d 337, 340 (8th Cir. 1985).

### D. Pendent State Claims

Because plaintiff's federal claims will be dismissed, all remaining pendent state claims will be dismissed, as well. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); *Hassett v. Lemay Bank & Trust Co.*,851 F.2d 1127, 1130 (8th Cir. 1988) (where federal claims have been dismissed, district courts may decline jurisdiction over pendent state claims as a "matter of discretion").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $18.51 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted.   *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that any and all remaining pending motions are **DENIED as moot**.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 4th day of August, 2015

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE